UNITED STATES DISTRICT COURT

*E-FILED - 12/5/08*

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FOUNDRY NETWORKS, INC. DERIVATIVE LITIGATION | Master File No. C-06-05598-RMW |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT |

The Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Motion") of derivative plaintiffs Sunanda A. Desai, as Trustee of and for the Sunanda A. Desai Revocable Trust, Jeanne McDonald and David M. Jackson ("Federal Plaintiffs") on behalf of themselves individually and derivatively on behalf of nominal defendant Foundry Networks, Inc. ("Foundry") for preliminary approval of the Stipulation of Settlement ("Stipulation") and the Settlement contained therein (the "Settlement") entered into by the Settling Parties on or about October 28, 2008, came on regularly for consideration by the Court. The Court having reviewed and considered all documents, evidence, and arguments of counsel presented in support of said motion, and good cause appearing therefore, enters this Order Preliminarily Approving Settlement (the "Preliminary Approval Order") as follows:

1. Unless otherwise stated here, all capitalized terms contained in this Order shall have the same meaning and effect as stated in the Stipulation.

2. The Settlement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval and, therefore, merits further consideration.

3. The Settlement, and the terms and conditions set forth therein, is preliminarily approved as fair, reasonable and adequate, and is found to be in the best interests of Foundry and Current Foundry Shareholders.

4. Within ten days (10) after entry of this Order, Foundry shall disseminate the Notice to Current Foundry Shareholders in accordance with the terms of the Stipulation.

5. At least seven (7) days prior to the Settlement Hearing, Foundry's Counsel shall file with the Court and serve on Plaintiffs' Counsel proof, by affidavit or declaration, of such efforts to disseminate the Notice.

6. The Court approves, as to form and content, the Notice and Summary Notice of Proposed Settlement of Derivative Action and of Settlement Hearing (the "Notice"), attached as Exhibit "B" and "B-1" to the Stipulation, and finds that the Notice, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23.1 of the Federal Rules of Civil

Procedure and due process under the United States Constitution and any other applicable laws, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of all matters relating to the Settlement.

7. The Court has scheduled a Settlement Hearing, which will be held on _____ 2/20 2009, at 9:00 a.m., at the U.S. District Courthouse, 280 South 1st Street, San Jose, California, 95133, Fourth Floor, Courtroom 6, to:

    a. determine whether to finally approve the Settlement pursuant to Rule 23.1 of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Company and current Foundry shareholders;

    b. consider an Order and Final Judgment dismissing the Federal Action with prejudice, with each party to bear its, his or her own costs, and releasing and enjoining prosecution of any and all claims to be released pursuant to the Stipulation;

    c. determine whether to approve attorneys' fees and expenses, to be funded by Foundry or its insurers; and

    d. hear other such matters as the Court may deem necessary and appropriate.

8. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice other than announcement at such Settlement Hearing or subsequent adjournment.

9. Federal Plaintiffs shall file and serve their Motion for Final Approval of the Stipulation of Settlement ("Final Approval Motion") and for an award of attorney's fees and expenses and any supporting papers, at least thirty (30) days before the Settlement Hearing.

10. Any Current Foundry Shareholder who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement Agreement, or to the proposed award of attorneys' fees and expenses must file an objection no later than twenty-one (21) days prior to the Settlement Hearing by:

    a. filing with the Clerk of Court proof of ownership of Foundry common stock including the number of shares of Foundry common stock held and the date of purchase, and providing a statement that indicates the nature of such objection, any legal support and/or evidence that such shareholder wishes to bring to the Court's attention or introduce in support of such objection, and any documentation in support of any objection; and

  b.  simultaneously serving copies of such proof, statement and documentation, together with copies of any other papers or briefs such shareholder files with the Court, in person or by mail, upon counsel listed below, provide that if service is made by mail, then service by electronic mail or facsimile also shall be made on counsel listed below, no later than twenty-one (21) days before the date of the Settlement hearing:

> Nichole T. Browning
> Schiffrin Barroway Topaz & Kessler LLP
> 2125 Oak Grove Road, Suite 120
> Walnut Creek, CA 94598-2537
>
> *Counsel for Federal Plaintiffs Sunanda A. Desai, Jeanne McDonald and David M. Jackson*
>
> Jeffrey S. Facter
> Shearman & Sterling LLP
> 525 Market Street, Suite 1500
> San Francisco, CA 94105-2723
>
> *Counsel for Nominal Defendant Foundry Networks, Inc.*

11. Any shareholder who does not timely make his, her, or its objections to the Settlement in the manner specified above shall be deemed to have waived such objections and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, or the Federal Plaintiffs Counsel's application for attorneys' fees and expenses, and shall otherwise be bound by the Judgment and the releases given pursuant thereto.

12. In the event a Current Foundry Shareholder files a timely objection to the fairness, reasonableness or adequacy of the Settlement, Federal Plaintiffs shall file and serve a reply brief in further support of the Final Approval Motion, which shall include a response to any timely-filed objections, at least seven (7) days before the Settlement Hearing.

13. In the event a Current Foundry Shareholder files a timely objection to the fairness, reasonableness or adequacy of the Settlement, Defendants shall file and serve any papers in support of the Final Approval Motion, or in response to any timely-filed objections, at least seven (7) days before the Settlement Hearing.

14. Any objector who timely files and serves a written objection in accordance with paragraph 10 above, may also appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the

Settlement Hearing must effect service of a notice of intention to appear, which sets forth, among other things, the name, address and telephone number of the objector (and, if applicable, the name address and telephone number of the objector's attorney), and the identities of any witnesses that such shareholder plans to call at the Settlement Hearing, on counsel listed above (at the address set out above) and file such notice of intention to appear with the Court by no later than five (5) days before the date of the Settlement Hearing. Filing and service may be effected by the Court and counsel by mail, provided that such service by electronic mail or facsimile is also made on counsel listed above no later than five (5) days before the date of the Settlement Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to be heard at the Settlement Hearing, except upon a showing of good cause and excusable neglect.

15. If the Settlement receives final approval by the Court ("Final Court Approval"), the Court shall enter the Final Order and Judgment in the form submitted by the Settling Parties, or in any other form of order deemed appropriate by the Court. The Judgment shall be fully binding with respect to all parties in accordance with the terms of the Stipulation.

16. The Court adjudges that, if and when the Judgment is entered, upon the Effective Date, (a) Lead Plaintiffs on their own behalf individually, and derivatively on behalf of Foundry and Current Foundry Shareholders, and (b) Foundry shall have, and by operation of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons and all claims that were made or could have been made against the Released Persons arising out of, relating to, or in connection with the prosecution, defense, Settlement or resolution of the Derivative Litigation, including Unknown Claims.

17. The Court adjudges that, if and when the Judgment is entered, upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Lead Plaintiffs and Lead Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in

connection with the institution, prosecution, assertion, Settlement or resolution of the Derivative Litigation or the Released Claims.

18. All proceedings and all further activity regarding or directed towards the Federal Action, including but not limited to all discovery activities, shall be stayed and suspended until further order of this Court, except as to such actions as may be necessary to implement the Settlement or this Order.

19. In the event that the Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated, or fails to become Final in accordance with its terms, all parties to the Federal Action (including Lead Plaintiffs and all Defendants) shall be restored to their respective positions in the Federal Action as of the date of signing the Stipulation. In such event, all negotiations, proceedings, communications, correspondence and documents prepared and statements made in connection with the Stipulation shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition and shall not be used in any manner for any purpose in any subsequent proceeding in the Federal Action, or in any other action or proceeding and the terms and provisions of the Stipulation, except as otherwise provided for in Section 6.3 of the Stipulation, shall have no further force and effect with respect to all parties to the Federal Action and shall not be used in the Federal Action, or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

20. The dates of performance of this order are as follows:

   a. Foundry shall cause the Notice to be mailed to current Foundry shareholders of record within ten (10) days [of the entry of this Order]

   b.

   c. Federal Plaintiffs shall file and serve their motion for Final Settlement Approval and for an award of attorney's fees and expenses, and supporting papers, at least thirty (30) days before the Settlement Hearing;

   d. Objections to the Settlement shall be deemed timely only if filed with the Court and served on the parties at least twenty-one (21) days before the Settlement Hearing;

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
MASTER FILE NO. C-06-05598-RMW

- 5 -

e. Federal Plaintiffs shall file and serve a reply in support of Settlement and for an award for attorneys' fees and expenses, which shall include a response to any timely-filed objections, at least seven (7) days before the Settlement Hearing;

f. Defendants shall file and serve papers, if any, in support of Final Court Approval at least seven (7) days before the Settlement Hearing;

g. Notices of intention to appear at the Settlement Hearing shall be deemed timely only if filed by a shareholder who previously filed a timely objection and only if filed with the Court and served on the parties at least five (5) business days before the Settlement Hearing; and

h. The Settlement Hearing shall be as per above.

21. The Court retains jurisdiction over this Action to consider all further matters arising out of or in connection with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation

22. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to current Foundry Shareholders.

**IT IS SO ORDERED**.

Dated: 12/5, 2008

*Ronald M. Whyte*
The Honorable Ronald M. Whyte
United States District Court