UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE FOUNDRY NETWORKS, INC. DERIVATIVE LITIGATION | Master File No. C-06-05598-RMW |
| --- | --- |
| THIS DOCUMENT RELATES TO: All Actions | **FINAL ORDER** |

WHEREAS, Lead Plaintiffs (on behalf of themselves and derivatively on behalf of nominal defendant Foundry Networks, Inc ("Foundry"), Foundry, and Individual Defendants Lawrence L. Akin, Alfred J. Amoroso, Richard W. Bridges, John P. Burger, Lee Chen, Ken K. Cheng, Jeff Davitt, Alan L. Earhart, Timothy D. Heffner, Ivy Pei Shan Hsu, Bobby R. Johnson, Jr., William S. Kallos, C. Nicholas Keating, Jr., Chandra Kopparapu, Andrew K. Ludwick, Cliff G. Moore, Seth D. Neiman, Robert W. Schackleton, Benjamin O. Taft, Karl D. Triebes, Paul L. Twombly, and J. Steven Young (collectively, the "Parties"), by and through their respective counsel of record, entered into a Stipulation of Settlement (the "Stipulation") dated as of Oct. 28, 2008;

WHEREAS, on Oct. 29, 2008, Plaintiffs in the above-captioned action (the "Federal Action") filed an Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Motion") seeking Preliminary Approval of the Stipulation and the Settlement contained therein;

WHEREAS, on Dec. 5, 2008, this Court entered an order preliminarily approving the Settlement ("Preliminary Approval Order") and requiring that notice be disseminated to Current Foundry Shareholders as provided for in the Stipulation;

WHEREAS, the Preliminary Approval Order set a hearing for Feb. 20, 2009, to determine whether to:

a. determine whether to finally approve the Settlement pursuant to Rule 23.1 of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Company and Current Foundry Shareholders;

b. consider an Order and Final Judgment dismissing the Action with prejudice, with each party to bear its, his or her own costs, and release and enjoin prosecution of any and all claims to be released pursuant to the Stipulation;

c. determine whether to approve attorneys' fees and expenses, to be funded by Foundry or its insurers; and

d. hear other such matters as the Court may deem necessary and appropriate.

WHEREAS, notice has been provided to stockholders of Foundry in compliance with the Preliminary Approval Order;

WHEREAS, this matter has come before the Court for final approval of the proposed Settlement of the Federal Action and accompanying Derivative Litigation; and

WHEREAS, the Court has reviewed and considered all documents, evidence, objections (if any) and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, the Court enters this Order and Final Judgment.

NOW, THEREFORE, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to the litigation, including all Current Foundry Shareholders.

2. This order and the attached final judgment incorporates by reference all defined terms in the Stipulation, and all capitalized terms herein are the same as those used in the Stipulation.

3. The Court further finds, solely for the purposes of Settlement, that Lead Plaintiffs and Lead Plaintiffs' Counsel fairly represent the interests of Foundry and its shareholders in enforcing the rights of the Company.

4. Pursuant to Federal Rule Civil Procedure 23.1 ("Rule 23.1"), this Court hereby approves the Settlement as fair, reasonable, adequate and in the best interests of Foundry and all Current Foundry Shareholders.

5. Upon the Effective Date, (a) Lead Plaintiffs, on their own behalf individually, and derivatively on behalf of Foundry and Foundry's shareholders, and (b) Foundry shall have, and by operation of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons and all claims that were made or could have been made against the Released Persons arising out of, relating to, or in connection with the prosecution, defense, Settlement or resolution of the Derivative Litigation, including Unknown Claims.

6. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and

discharged Lead Plaintiffs and Lead Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, Settlement or resolution of the Derivative Litigation or the Released Claims.

7. All Current Foundry Shareholders are hereby forever barred and enjoined from prosecuting the Released Claims (including Unknown Claims) against the Released Persons.

8. The dissemination of the Notice to Current Foundry Shareholders constitutes the best notice practicable under the circumstances, and satisfies the requirements of Rule 23.1 and the requirements of due process.

9. Neither the Settlement of this action nor any act performed or document executed pursuant to or in furtherance thereof:

(i) is or may be deemed to be or may be used as an admission of or evidence of the validity of any Released Claim or of any wrongdoing or liability of the Released Persons; or,

(ii) is or may deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

10. The payment of attorneys' fees and reimbursement of expenses to Lead Plaintiffs' Counsel as provided for in paragraph 5.1 of the Stipulation is fair and reasonable and hereby approved. Foundry and/or its insurance carrier are directed to pay the Fees and Expenses in accordance with the terms of the Stipulation.

11. The parties are directed to consummate the terms of the Settlement in accordance with the terms of the Stipulation, and jurisdiction over all matters relating to the consummation of the Settlement is reserved in this Court.

12. The Federal Action and all claims asserted therein are dismissed with prejudice.

13. In the event that the Settlement does not become Final as that term is defined in the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in

accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. There being no reason for delay, the Clerk of the Court is hereby directed, pursuant to Federal Rules of Civil Procedure 54 and 58, to enter this Order and, separately, the final judgment, in the form attached hereto.

15. Pursuant to Federal Rule of Civil Procedure 58 and Federal Rule of Appellate Procedure 4, the time to appeal shall commence immediately upon the entry of the separate judgment in the form attached hereto.

**IT IS SO ORDERED**

Dated: 2/23, 2009

The Honorable Ronald M. Whyte
United States District Court